BRYANT, Judge, dissenting.
The majority states
the dispositive questions before us are whether Tully has sufficiently alleged claims of arbitrary and capricious action by the City in its failure to follow its own procedures and whether the City has established on the pleadings "that no material issue of fact remains to be resolved and that he is entitled to judgment as a matter of law." See B. Kelley Enters., Inc. , 211 N.C.App. at 593, 710 S.E.2d at 336 (citation and internal quotation marks omitted).
The majority also acknowledges this is an issue of first impression, as our courts have never held that a governmental employer that fails to follow its own established procedures acts arbitrarily and, therefore, unconstitutionally. Because the City is acting as an employer rather than as a sovereign, and is vested with the power to manage its own internal operations, Tully's pleadings-although asserting what appears to be an *215 unfair result in a standard process-do not state a viable constitutional claim. Therefore, I respectfully dissent.
Tully alleged in his complaint that denying him a promotion "due to his answers on the test and then determining that the reason was not grievable" was an "arbitrary and irrational deprivation of property in violation of the North Carolina Constitution." Tully now argues on appeal that he was subjected to an arbitrary and capricious process by the City's failure to follow its own established promotional procedures, an important distinction that was not alleged in Tully's complaint. Tully says in brief that "he never had a true opportunity to grieve his denial of a promotion based on his answers to the Sergeant's test." However, Tully's complaint alleges that he was given the opportunity to appeal the selection process and to be heard on his grievance, and was then "informed that his grievance was denied, as the test answers were not a grievable item." Nevertheless, Tully's allegations in his complaint tend to undercut his ultimate constitutional claims where the promotional process was followed and he was heard on his grievance through the internal grievance procedure.
Tully contends he was arbitrarily discriminated against based on test results that he was not permitted to challenge and that such arbitrary and irrational treatment violated his liberty interests as protected by the North Carolina Constitution. Further, Tully argues that his lack of opportunity to adequately challenge his test results was in violation of the WPD's own regulations. While I recognize Tully's opinion of the unfairness of the result of the WPD's testing scheme (Tully's denial of a promotion), and his unsuccessful challenge to the result, it is not clear that Tully's claims have a basis in our state constitution. Further, the cases cited by Tully in support of his claims for constitutional review relate to the government acting as a sovereign , rather than as an employer , and are inapposite to the facts at hand.
"[T]here is a crucial difference, with respect to constitutional analysis, between the government exercising 'the power to regulate or license, as lawmaker,' and the government acting 'as proprietor, to manage [its] internal operation.' " Engquist v. Or. Dep't of Agric., 553 U.S. 591, 598, 128 S.Ct. 2146, 2151, 170 L.Ed.2d 975, 983 (2008) (alteration in original) (quoting Cafeteria & Rest. Workers v. McElroy , 367 U.S. 886, 896, 81 S.Ct. 1743, 1749, 6 L.Ed.2d 1230, 1236 (1961)
*862 ). " '[T]he government as employer indeed has far broader powers than does the government as sovereign.' " Id. (quoting Waters v. Churchill , 511 U.S. 661, 671, 114 S.Ct. 1878, 1886, 128 L.Ed.2d 686, 697 (1994) (plurality opinion)). In Engquist , the U.S. Supreme Court explained this distinction as follows:
*216 [T]he extra power the government has in this area comes from the nature of the government's mission as employer. Government agencies are charged by law with doing particular tasks. Agencies hire employees to help do those tasks as effectively and efficiently as possible. The government's interest in achieving its goals as effectively and efficiently as possible is elevated from a relatively subordinate interest when it acts as sovereign to a significant one when it acts as employer. Given the common-sense realization that government offices could not function if every employment decision became a constitutional matter, constitutional review of governmental employment decisions must rest on different principles than review of ... restraints imposed by the government as sovereign.
553 U.S. at 598-99, 128 S.Ct. 2146, 2151, 170 L.Ed.2d at 983-84 (alterations in original) (internal citations and quotation marks omitted); see also Connick v. Myers , 461 U.S. 138, 150-51, 103 S.Ct. 1684, 1692, 75 L.Ed.2d 708, 722 (1983) (explaining that the government has a legitimate interest "in 'promot[ing] efficiency and integrity in the discharge of official duties, and [in] [maintaining] proper discipline in the public service' " (quoting Ex parte Curtis , 106 U.S. 371, 373, 1 S.Ct. 381, 384, 27 L.Ed. 232, 235 (1882) ).
The cases cited by plaintiff in his principal brief and in the Amicus Brief submitted on his behalf concern either a governmental entity's assertion of its power as a sovereign to regulate or prohibit acts detrimental to their citizens' health, safety, or welfare, see, e.g. , King v. Town of Chapel Hill , 367 N.C. 400, 401-02, 758 S.E.2d 364, 367 (2014) (addressing town's regulation of vehicle towing services); Roller v. Allen , 245 N.C. 516, 517-18, 96 S.E.2d 851, 853 (1957) (considering the legality of a statute regulating the licensure of tile, marble, and terrazzo contractors); State v. Ballance , 229 N.C. 764, 769, 51 S.E.2d 731, 732-33 (1949) (addressing the regulation of photographers), or is otherwise not binding precedent on this Court, see, e.g. , Isabel v. City of Memphis , 404 F.3d 404, 413-15 (6th Cir. 2005) (striking down promotional test for police officers that violated Title VII as it was based on arbitrary standards and did not approximate a candidate's potential job performance); Guardians Ass'n of the NYC Police Dep't, Inc. v. Civil Serv. Comm'n , 630 F.2d 79, 109-12 (2d Cir. 1980) (holding test designed to select candidates for hiring as entry level police officers had a racially disparate impact and ordering any subsequent exam receive court approval prior to use); Johnson v. Branch , 364 F.2d 177, 180-82 (4th Cir. 1966) (en *217 banc) (remanding with instructions that school board renew teacher's contract for the next school year after board failed to renew it).[8]
As the "government has significantly greater leeway in its dealings with citizen employees than it does when it brings its sovereign power to bear on citizens at large[,]" Engquist , 553 U.S. at 599, 128 S.Ct. at 2151, 170 L.Ed.2d at 984, the cases cited in the briefs submitted on behalf of plaintiff related to the government acting in its capacity as a sovereign are inapplicable here where the government acted as an employer in denying plaintiff a promotion.
Because plaintiff cannot establish a valid property or liberty interest in obtaining a promotion or in the promotional process itself, nor can plaintiff establish that he was deprived of substantive due process or equal protection rights in failing to be so promoted, *863 I dissent from the majority opinion. However, because our state Supreme Court has mandated that the N.C. Constitution be liberally construed, particularly those provisions which safeguard individual liberties, see Corum v. Univ. of N.C. Through Bd. of Governors , 330 N.C. 761, 783, 413 S.E.2d 276, 290 (1992) ("We give our Constitution a liberal interpretation in favor of its citizens with respect to those provisions which were designed to safeguard the liberty and security of the citizens in regard to both person and property." (citation omitted)), I would strongly urge the Supreme Court to take a close look at this issue to see whether it is one that, as currently pled, is subject to redress under our N.C. Constitution. Accordingly, I respectfully dissent.

Neither Isabel nor Guardians asserted a constitutional violation, and Johnson , which raised arguments based on the federal constitution, was remanded based on the plaintiff's federal statutory claims. See Johnson , 364 F.2d at 179 ("No one questions the fact that the plaintiff had neither a contract nor a constitutional right to have her contract renewed, but these questions are not involved in this case. It is the plaintiff's contention that her contract was not renewed for reasons which were either capricious and arbitrary in order to retaliate against her for exercising her constitutional right to protest racial discrimination.").